Ladies and gentlemen, good to see all of you, and the first case on the Oral Argument Calendar is Hernandez Rodriguez v. Garland. You may proceed for the petitioner. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Jubin Nasseri, appearing on behalf of Petitioner Jose Hernandez Rodriguez. I would like to not given a reasonable opportunity to obtain counsel. Petitioner was served with a Notice of Referral to the Immigration Court on December 20, 2019, which did not state the date of his hearing. It only had TBD to be determined, and the space where his hearing date should have been. Although the form had a general adviso about his attorney, about his right to an attorney, it failed to state the 10-day limit of HCFR 208.31, subsection G. As a result, the petitioner was not aware that he had a time limit that he had to comply with. It is incomprehensible that the form specifically or reasonable for your interview would advise generally about a respondent's right to an attorney and fail to advise about the 10-day time limit. Petitioner was not advised of his hearing date until December 30, the day before the hearing. By failing to advise Petitioner of the time limit and failing to state the date of his hearing until the day before, the Court knowingly deprived him of seven of the 10 days set out in the regulation. Now, specifically, counsel for the government cites Rivera-Vega, where Mr. Rivera was given three days' notice. Our client was sent to court the very next day. I will submit that the Rivera-Vega case sets the minimal standard for reasonable notice. Moreover, the petitioner requested a continuance to obtain counsel at his hearing on December 31, which was denied by the immigration judge. Because he was deprived of seven of the 10 days as set out in the regulation, he had only one day left to do so before the 10th day. In his supplemental brief, counsel for the government stated that Petitioner did not explain how a continuance would allow him to return with counsel within the 10-day period. However, the petitioner had the right under the regulation to at least the full 10 days. Petitioner submits that his Fifth Amendment right to counsel and 8 U.S.C. 1362 were violated by the immigration judge when she refused a one-day continuance. Contrary to counsel for the government's supplemental brief in Orozco-Lopez v. Garland, Petitioner is not required to show prejudice. There is a simple solution to this problem. The notice of referral should be served on the non-citizen on the date it was filed with the court. It should contain the date and the time of hearing, which should be 10 days after the filing of the notice of referral. So what do we make of the immigration judge's conclusion? He said, well, you already have an attorney. What's the situation? I was kind of unclear about what the status was based on the record. Can you help me with that? Thank you, Your Honor. So Mr. Hernandez made it clear to the court that he one thing was clear to him that he did would like he would like to get an attorney and he states specifically quote unquote, well, it wasn't very clear what he had said to me. I liked what I'd like to do right now is to be certain with him and find myself another attorney. So he was prepared to find another attorney, Your Honor. But then the judge falls up and says, what do you mean it wasn't clear? And he said, I wasn't prepared for such a decision as this one. So the implication is he actually did talk to an attorney. He just wasn't really satisfied with the advice. That's a little bit different from being denied the right to an attorney. Well, Your Honor, I'm not sure exactly what conversation transpired between his attorney and himself. The only thing that we see in the record that is clear is that Mr. Mr. Hernandez wasn't clear about what he was, what he what his represent or the course and scope of Mr. Franco was his attorney's representation was. So he clearly stated that he wanted enough time to find an attorney. So at this point, it seems like Mr. Franco was never retained. His attorney was never retained to represent him at that hearing. And I appreciate your argument that he doesn't need to show prejudice. But if prejudice is required, what's your best argument that he suffered prejudice given the facts of the case? My argument is, is that given that the notice of referral only contains a to be determined, and that's one argument and where there's no date and time, there should be enough time to allow the petitioner to find an attorney. In this case, he was literally given one day. If he was to be given the continuance, it would have been one day. Well, let's let me probe that, because when did he, he may not have known the date of the hearing, but he knew there was going to be a hearing because he'd requested that hearing. And that is, you would expect that if you know there's going to be a hearing, why does anybody wait until you find the actual date to do something about it? He seems to me he had more than one day to find an attorney. He apparently did find an attorney. So I hear the thrust of your argument. I'm not sure the facts really support the way you've characterized it. Your Honor, in this case, the respondent was given a notice of a referral. Unfortunately, the notice of referral did not have a hearing date. But why does that matter? He knows he's going to want to, if he wants to have an attorney, he knows there's going to be the hearing. Why wait until, particularly, I guess that time of year is unusual for everybody, but once he knows there's going to be a hearing, that's the time to start finding a lawyer, not whenever you get a notice with a particular date. Or is there a reason why he justifiably waited? Our argument is, Your Honor, is when respondents don't get hearing notices of a specific date to come to court, it's when they get an actual court date is when it sets into motion the time that they will go find an attorney. Well, that's your argument. But what's the logic there? Why didn't he find an attorney or start looking for an attorney when he knew there was going to be a hearing? Well, he did find an attorney. I guess there was some confusion as to whether the attorney was going to represent him at this hearing or not. But the thrust of the argument is, on many cases when respondents are served with a notice or when they're given an opportunity to be heard by an immigration court and there's no date, they're not going to take the initiative to make a call because attorneys would generally appear once they know that there is a hearing date. In other words, in this case, Mr. Hernandez, although he was given a notice of referral to the immigration court and he was given that he has a right to have an attorney, just to be given a notice that states that he has a right to an attorney is insufficient, Your Honor, in our opinion. And the fact that his hearing notice had a TBD, which is to be determined, would not suffice as any kind of notice because it doesn't have a hearing date. I want to draw your attention to a case I know you're familiar with, and that's the Orozco Lopez case. And it's unclear to me why one of the petitioners in that case, Gonzales, whose right to counsel petition was in effect denied, is any different in terms of where he stands vis-a-vis your client. Why wouldn't we simply deny the petition under Orozco Lopez? Thank you, Your Honor. In the case of Mr. Gonzales, he was found that he was not denied his right to counsel because he was given a free legal services list. It is submitted that the receipt of a free legal services list alone, after requesting a hearing, does not constitute a waiver of a non-citizen's right to counsel. Your client knew that he needed a lawyer. He'd had a lawyer. So whether he gets a list or not, he already even had a lawyer. So I don't see why... Actually, your client was in a better position than Mr. Gonzales, wasn't he? He might have been. Like I said, I don't know what his discussions with Mr. Franco was, but unfortunately, apparently Mr. Franco was not hired to retain... He was not retained to represent him at that hearing. However, our argument was, is that even though that he wasn't retained to be at that hearing, our client, the petitioner, should have been given more time and given advance notice of a 10-day period so that he could find an attorney and given the amount of time that he was given, it was just not possible, or given at least a one-day continuance, versus in the case of Rivera-Vega, he had three days. So he could have easily found an attorney. That is my argument. So your time has expired, but we'll give you some time for rebuttal. We'll hear from the attorney general. Good morning, your honors. My name is Michelle Sarko. I'm here representing the attorney general in this matter. The issue in this case involves a petitioner who's in reinstatement of removal situation. And so he's different than the normal removal proceedings that we're used to. In this situation where he was getting a paper review by the immigration judge of the assignment officer's determination that he didn't have a reasonable fear of persecution or torture. You would agree that he had a statutory right to counsel, right? Well, I would agree that the court has found that, yes, that in this type of case they do have a statutory right, but it's more limited than the regular proceedings. In Orozco, basically they said that the, Orozco-Lopez, that this right is cabin to only be, the right to only being notified of the right to counsel and given an opportunity to obtain counsel. And that they limited the right because the regulation requires that in the absence of exceptional circumstances, a reasonable fear hearing should be conducted within 10 days of the filing of the notice of referral to the IJ, immigration judge. So because of that 10 day deadline, the court held that the immigration judge may conduct the hearing even if the alien is without counsel, so long as the alien was informed of the entitlement to counsel and have an opportunity to seek counsel within the regulations constraints. So in that case they said 8 days was enough time to get counsel. In this case, the petitioner knew that he was in these proceedings even at the stage of the, when he was before the, for the hearing before the asylum officer, he had already said that his family and he were seeking counsel for him, although he chose to go ahead and do the interview with the asylum officer without the counsel, but he explained that they were already seeking counsel. Then, so subsequently he, and he was given notice when that decision was made that he would have a hearing for an immigration judge and he would have the opportunity to seek counsel and have the counsel there if he wanted to, but he had to bring the counsel with him. So subsequently... What the other proceeding was that he had an attorney for? So the other proceeding on the day of the hearing, I think it was a bond proceeding. A what? A bond proceeding. I see. And so he, he didn't say that he didn't discuss the case with that attorney. I don't, you know, we don't know the name of the attorney, if it was the same one that he was, his family was talking to earlier when he was before the asylum interview. But at any rate, he did have the reason why he didn't hire the attorney to represent him at the subsequent hearing, review hearing before the immigration judge. So we believe that he's in the same situation as Mr., in the Orozco-Lopez case, the individual who was found, was it Gonzalez, who was found not to have a due process violation. Do we know why the continuance was denied? In this case? Yes. Well, the immigration judge basically said, well, he had the opportunity to get counsel, and he didn't hire the counsel to represent him in the review hearing. So he had the opportunity and didn't take it, and didn't explain why, giving additional time, he would be able to get another attorney within the 10 days. He did say another attorney, but he also indicated he would like to talk to his current attorney. Right, but he basically said, I can find the words if you like. Let me ask you a slightly different question. For whose benefit is the 10-day rule? Well, I guess it would be for the petitioner's benefit. Right, so it's for his benefit, and he can waive the 10-day period. Right, can. But he was not informed of that. The IJ just said 10 days is 10 days, and you had an opportunity to get an attorney, because I saw you here earlier with one. Right, well, even if the petitioner didn't waive it, the immigration judge could still decide that he had that reasonable opportunity and proceed with the hearing. And I think that's what occurred in this case. So whether or not he asked him about whether he wanted to waive it, in a sense, is irrelevant, because he found he had the opportunity to get the attorney to be there if he wanted to, and he didn't do so. Are you still advancing the waiver theory? As to counsel. Yeah, as to counsel. That the petitioner waived counsel? Yes. No, I'm not. What I'm saying is he had a reasonable opportunity, and that's all this Court's cases require. How reasonable was the opportunity, given the time of year it was? Well, as I said, he knew all the way back when he was before the asylum officer that Was that December 23rd? It was before that. It was before that. He knew that he would have an opportunity at that proceeding to have an attorney, and he said that his family was looking into that, but he would go ahead and proceed with the interview before the asylum officer. And then the asylum officer made his decision, which I can find the dates if you like. The notice of referral to the IJ was issued on the 20th. The immigration court receives it on the 23rd. I guess that's where I got that date. He had his hearing on the 31st, and the 10 days would run out on January 2nd. Not an easy time to find a lawyer. Not an easy time to find anybody except last-minute sales. Well, I would say if he had said that he had not talked to any attorney, then maybe the IJ would have gone ahead and given him a continuance if he said, I couldn't get it, didn't have the opportunity to talk to anyone. But here he had this attorney representing him in the bond hearing, and he also had the opportunity to talk to him about this if he wanted to, and he didn't hire him to represent him in these proceedings. Can I cut the other way for you? Because he's got an attorney, and the IJ says, well, I'm not going to let you talk to the attorney. Basically, you're going to have to go forward today. No, because we don't know from the record when his contact with this attorney first started, so we don't know that it was only that day. Also, in the – Is there any record of the bond hearing at which that attorney apparently appeared on his behalf? I'm sorry, what was the first part? So we've identified this possibly unnamed attorney who was with him at the time of the bond hearing. Is there any record of that hearing? Do we know whether that attorney actually made an appearance or just happened to – I've been to a few immigration courts. Sometimes there are a lot of people standing around. The immigration judge says in his – it was probably in the oral, right, in the discussion, the back and forth, that he appeared with the attorney earlier that day, and then he asked him essentially, I think it was, why didn't you – hold on a second. Why didn't you hire him? Something like that. Something like that? Well, I'm trying to find the exact phrasing. There was an odd back and forth exchange. It seemed like something was not being communicated. Sorry. Here. Do you have – okay. Do you have any questions about what we're doing today? No, but the only thing clear to me is that I would like to get an attorney so I can be better prepared for this, the judge. Sir, you had an attorney earlier today, and apparently you didn't retain him for this matter, the petitioner. Well, it wasn't very clear that what he said – what he had said to me, so what I'd like to do now is be certain with him or find myself another attorney, the immigration judge. What do you mean it wasn't clear, sir? It's just that – he responds – it's just that I need to be prepared for such a decision as this one, the immigration judge. I'm not really sure what you mean by that. See, the asylum officer already made a decision based on your interview. The court's procedure today is just to review the asylum officer's decision. Now, you've obviously had an opportunity to talk to an attorney because you had one at your bond hearing, but you didn't retain them for the reasonable fear proceeding. So I'm not sure what you mean by a large decision because all the court's doing is reviewing the asylum officer's decision to see if the asylum officer made a mistake. Okay. You know, it was obviously a big deal. Yeah. I mean, to say all we're doing today is just reviewing the decision, that's the whole decision. Well, let me put it this way. At these hearings, it's not like a normal hearing. The immigration judge doesn't have to take the testimony of the petitioner if he doesn't want to. He can just do a paper review. But the result is that it's kind of the final nail in the coffin. Well, it's true. So it's not just, well, we're just here today to review what happened. Well, it's there to review was there a legal error, you know, something like that was there. That's pretty significant. Yeah. And if the legal error, if there were a legal error, that's where an attorney would be very helpful, don't you agree? Could be. But, again, they don't have to let the attorney speak at these proceedings. So, you know, if it's a legal error, they have the opportunity to come to the Court of Appeals and file a paper review. What good is a right to counsel if you can't exercise your right to counsel? Well, these hearings, as the Court said in one of its cases, I don't know if it was Orozco or the Rivera-Vega case, basically said that the function of the attorney. Sorry, but, you know, on behalf of the Department of Justice, it would seem to me that you should be well informed about the scope of each of these key cases that you're arguing about. So the Court said that the function of the attorney in these proceedings is different than in a full hearing, because in a full hearing, you can call other witnesses, you know, submit other evidence. In this proceeding, it's just a paper review of what's already happened before the assigned officer in the interview before the assigned officer. And so it's a more limited scope, and so I think the function of the attorney is different. But that starts to argue that maybe there shouldn't be a right to counsel, but we're past that point. Right. And I'm troubled. I mean, this is an odd exchange. It's my impression from the first part that it was probably aided by an interpreter, and I can't help you. Do you have any ñ is that true in your understanding as to whether this was someplace where the, you know, the beginning of the hearing earlier on page 2 of the transcript, 6 of the record, identify ñ maybe it's the proceeding page. They identify the proceedings are being conducted in the English and Spanish languages, and I can't really tell after that. But it's like the immigration judge responds to this. His main response was, it's just I need to be prepared for such a decision as this one. And the judge is responding saying, I'm not sure what you mean by that, because there's already been a decision made. I can't help but think that it wasn't that the petitioner thought he was going to make a decision, but this was an important proceeding and he wanted to be fully prepared and exercise his right to counsel. And the judge is responding to the English language word decision, which is what he's going to make or what the asylum officer made, not what the petitioner has to say. So it seemed to me that the discussion got a little bit off track. You're not pursuing the argument of waiver, and I appreciate that, but I still wonder what it was that Mr. Hernandez thought he was responding to when he made that statement. Again, page two you said? Well, on page, if I go back on page one of page number one, it's record page five. There's a reference to the language interpreter in Spanish language is Rodrigo Garcia. So I infer from that that this was probably a translated proceeding. I believe so. And I've been in translated depositions or testimony in court, and sometimes you get way off track because there's a misunderstanding or the same word means something different. And so I look at this back and forth, and when he says, I need to be prepared for such a decision, there's this one, and the judge says, I don't know what you mean by that because you're not making a decision. Well, I suspect he's not, that Mr. Hernandez isn't thinking he's making a decision, but he wants to be prepared for an important proceeding such as this one, which is why he's trying to exercise his right to counsel. It may well be that this is sufficient, but it seemed to me that the combination of the holiday season and this back and forth made me wonder if he was properly informed as to what he was doing and potentially waiving. I guess that's your interpretation of the transcript. I'm not sure that I agree that that's, I think it was more he wasn't prepared that this was going to be the final decision. Rather than that he had to make a decision. Well, the fact is, I mean, you take this, he had an attorney, and the attorney wasn't allowed to be there, basically, because the IJ could have easily said, okay, I'll give you ten minutes to call your attorney so you can get him here. He said it wasn't very clear what he had said to me, so what I'd like to do right now is be certain with him or find myself another attorney. And so, basically, they go in that colloquy of, well, what wasn't clear, and then finally, okay. But there's nowhere suggesting that he still doesn't want to have an attorney or at least call back the fellow. Well, again, I guess he represented him in the morning, so he had all that time between the morning and when the hearing was to speak with him or clarify. Let me just ask you, if he says now what I'd like to do is check with him or get myself another attorney, basically no continuance, you know, proceed ahead, that just seems like such an abuse. We're not talking about weeks, and we see cases where people keep asking continuances, and I realize they're more in asylum-type proceedings, but this is the final review before this gentleman gets to the Ninth Circuit, correct? Yes. I think if he had said, you know, I couldn't meet with my attorney or my attorney asked, you know, to have more time, but he didn't specifically say, you know, that the attorney would be available in two days, you know, on the second. Well, I'm not sure Harry would know that. I mean, this reminds me of these Miranda cases where the guy says, well, you know, kind of want to get someone to talk to like an attorney, and then they say, huh, I wonder what he meant by that. So he's pretty articulate here. I think he wants to either get another attorney or call the person up, and I could see if the IJ said, look, we're not giving you time to find another attorney, but I'll give you time to consult with this person. But none of that happens. Well, again, I think the immigration judge thought he had time that day to consult with that attorney because the attorney represented him in the morning at the bond hearing. And so, you know, I think he thought he had a fair chance to consult with the attorney. And then as far as, you know, giving him an opportunity to get a second attorney, another attorney, wasn't required to do that. And I appreciate that the latter, you know, that he's not necessarily incumbent on the IJ to give him more time to find another attorney. Our questions are taking over time, so thank you, counsel. Okay, thank you. We'll give you two minutes for rebuttal. Thank you. In this case, Your Honors, Mr. Hernandez stated he either wanted his current attorney or get a new one. He was never informed that he would like to waive time. That's an important issue. I think the fact that he was never informed that he would like to waive time to get another attorney or to waive the regulation for the 10 days, it was not clear what his agreement was with his attorney, but it was clear that he wanted counsel and that he wanted a continuance in this matter. The IJ should have at least given him a one-day continuance or allowed him to waive the 10-day time limit. And the IJ specifically wrongfully assumed that the petitioner had an opportunity to speak to an attorney, especially when she stated, now, you've obviously had an attorney to talk to an attorney because you had one at your bond hearing, but you didn't retain them for a reasonable period of proceedings. So we don't know what the conversation specifically was, but we do know one thing is that the respondent did request a continuance, and he did want to have a right to have an attorney, even though testimony, even though counsel for the government argued that testimony may be taken of a respondent without the respondent making any statements, it doesn't take away a respondent's right to have an attorney. It's an absolute right, and no matter what, nothing can negate that, Your Honor. Counsel for the government can also assume that he would not be able to get an attorney. We can assume what was specifically said in the petitioner should have at least had that one day at a very minimum to either find someone or to speak to the attorney who represented him on that day in the bond hearing. Thank you, counsel. The case just argued will be submitted for decision. Thank you both for your arguments this morning.
judges: THOMAS, McKEOWN, CLIFTON